(43 App. Div. 194.)

### TANENBAUM v. WHIFFEN.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. DISCOVERY—EXAMINATION OF DEFENDANT BEFORE TRIAL.

An order directing the examination of a defendant in order to get information for plaintiff's complaint will not be granted unless it appears that the facts to be obtained would form the basis of an action for substantial damages.

2. DAMAGES.

In an application for an order directing an examination of defendant to obtain information on which to frame plaintiff's complaint, plaintiff's affidavit showed the breach of a contract by defendant to obtain from all his tenants an agreement to place all their insurance with plaintiff, but did not show that any of the tenants had placed or would place any insurance with any one. *Held*, that this affidavit showed no grounds for substantial damages.

Appeal from special term, New York county.

Action by Moses Tanenbaum against Thomas B. Whiffen. From an order denying a motion to vacate an order for the examination

of defendant for the purpose of framing a complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Harold Nathan, for appellant.

Benno Loewy, for respondent.

McLAUGHLIN, J. This is an appeal from an order denying a motion to vacate an order directing the examination of the defendant for the purpose of enabling the plaintiff to frame his complaint. The order for the examination is based upon plaintiff's affidavit, which shows that the action is brought to recover damages for the breach of a contract by which defendant agreed, in substance, with the plaintiff's assignor, that he would not lease the whole or any part of certain premises located in the city of New York, except upon the condition that the tenants and undertenants should at the time of the leasing enter into a written agreement with the plaintiff's assignor to the effect that they would place all their insurance, affecting the contents of the premises leased, with him, at a certain specified price; that in violation of this contract the defendant did let a part of the premises to tenants and undertenants without exacting from them any contract regarding insurance, as he had agreed to do; and that by reason thereof the premises were occupied by such tenants and undertenants, who had "merchandise, furniture, and fixtures, all of which were insurable, and that they did not procure from the plaintiff's assignor any insurance thereon, by reason of which the plaintiff lost the profits and commissions that would have been earned if such insurance had been so procured." The plaintiff further alleges in this affidavit that he knows, by admissions of the defendant, and otherwise, that the premises were occupied by tenants during the time specified, and that "insurable property was upon such premises, which was not covered by insurance obtained from the plaintiff's assignor," but that he is unable to state the "names of the different tenants or undertenants in said premises, the particular times during which the same were occupied by such tenants or undertenants, and the amount of insurable property in the said premises upon which insurance was not procured through" the plaintiff's assignor; and he asks that he be permitted to examine the defendant with reference to these facts, for the purpose of enabling him to frame a complaint.

An order of this kind ought not to be granted, and a party put to the trouble, annoyance, and expense of an examination, unless it be first made to appear that the facts sought to be ascertained, if set forth in a proper complaint in connection with the facts within the knowledge of the plaintiff, would entitle him to relief in the form of substantial damages. Here, if the plaintiff alleged in a complaint all the information which he seeks to obtain, together with what he already knows, he would not then be entitled to anything more than nominal damages, if that. He does not state that the defendant agreed that the tenants to whom the premises should be leased would place insurance with his assignor. All he claims

is that the·insurance which should be procured by these tenants should be obtained from his assignor. But he does not allege or even suggest in his affidavit that any of the tenants have placed any insurance with any person upon any of the ·property. Therefore, if the plaintiff had all the information which he says he desires, it would be of no advantage to him, because there would be nothing to show that the tenants ever procured any insurance whatever. He would simply obtain the names of the persons to whom the plaintiff had leased the premises, and the insurable property they had. In the absence of proof showing that insurance had been taken out by the tenants, or some of them, it is clear that the plaintiff would not be entitled to anything more than nominal damages for a technical violation of the contract referred to. The examination sought, therefore, would serve no good purpose; and it follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.